FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 03, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOE A.,<br><br>                              Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                              Defendant. | NO:  1:21-CV-3071-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT, without oral argument, are cross-motions for summary judgment from Plaintiff Joe A.[1], ECF No. 13, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 17.  Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), of the Commissioner's denial of his claim for Social Security Income ("SSI") under Title XVI of the Social Security Act (the "Act").  *See* ECF No. 1 at 1.  Having

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and last initial.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

considered the parties' motions, the administrative record, and the applicable law, the Court is fully informed. For the reasons set forth below, the Court grants summary judgment in favor of the Commissioner.

## BACKGROUND

### *General Context*

Plaintiff was born in 1992, completed high school, and has a minimal work history. Administrative Record ("AR")[2] 32, 208, 231. Plaintiff is unmarried and has no children. AR 73. In September 2015, the sleeve on Plaintiff's left arm was caught in a conveyor belt, and Plaintiff's forearm was crushed, requiring surgery and ongoing medical care. AR 294. Plaintiff then sustained a knife wound to his right hand in June 2017, which also required surgery and ongoing care. AR 424.

Plaintiff filed an application for SSI on approximately March 27, 2019. AR 21. Plaintiff maintains that he is unable to work because he is debilitated by left forearm and right-hand pain. AR 70, 77. Plaintiff also alleges disability based on mental health issues, which have led to diagnoses of anxiety/panic disorder, depression, and a neurocognitive disorder. AR 70, 757, 783, and 785. Plaintiff alleges that his disability began on August 15, 2014. AR 208.

---

[2] The AR is filed at ECF No. 10.

Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 1–3, 156. Administrative Law Judge ("ALJ") Richard Hlaudy held a hearing on September 15, 2020, by telephone, due to the COVID-19 pandemic. AR 65. Plaintiff was present with counsel Shane Smith and testified in response to questions from counsel and the ALJ. AR 63, 73–85. The ALJ also heard from Vocational Expert ("VE") Sharon Welter.[3]

***ALJ's Decision***

On October 15, 2020, ALJ Hlaudy issued an unfavorable decision, applying the five-step evaluation process as follows:

**Step one:** Plaintiff has not engaged in substantial gainful activity since March 27, 2019, the date that Plaintiff applied for SSI. AR 21.

**Step two:** Plaintiff has the following severe impairments pursuant to 20 CFR § 416.920(c): status post left forearm crush injury; status post laceration injury right middle finger; Hill-Sachs deformity of right shoulder (fracture in the long upper arm bone connecting to shoulder); hypertension; depression; anxiety; unspecified neurodevelopmental disorder. AR 21. The ALJ found that asthma is not a severe within the meaning of 20 CFR § 416.920(c). AR 22. The ALJ further

---

[3] Plaintiff refers to Ms. Welter as the ALJ, but the transcript indicates that she participated in the hearing as a Vocational Expert, and ALJ Hlaudy presided over Plaintiff's September 15, 2020 hearing. *Compare* AR 63 *with* ECF No. 13 at 2.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

acknowledged that Plaintiff had alleged new physical conditions after his disability application in the form of "inflamed liver and nausea," but found that the medical evidence in the record for the relevant period did not document a diagnosed medical condition or objective findings of limitations attributed to these symptoms. AR 22.

**Step three:** Plaintiff does not have an impairment or combination of impairments that meets or equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 416.920(d), 416.925 and 416.926). AR 22. The ALJ considered both severe and non-severe physical and mental impairments in reaching this conclusion. AR 22. With respect to Plaintiff's claimed mental impairments, the ALJ found that Plaintiff does not meet the "paragraph B" criteria of having at least one extreme or two marked limitations in a broad area of functioning to meet the relevant mental impairment listings 12.04, and 12.06. AR 23–24. The ALJ also found that the "paragraph C" criteria were not satisfied because the evidence fails to establish two years of medically documented history and "evidence of both: 1) medical treatment, mental health therapy, psychosocial support, or highly structured setting that is ongoing and that diminishes symptoms and signs of the mental disorder; and 2) marginal adjustment, that is, minimal capacity to adapt to changes in the environment or to demands that are not already part of daily life." AR 24.

**RFC:** The ALJ found that Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 416.967(b) with the following limitations. He can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk for about 6 hours in an 8-hour day, and sit for about 6 hours in an 8-hour day. He can occasionally climb ramps and stairs, never climb ladders/ropes/scaffolds and never crawl. He can frequently reach with the left upper extremity, and frequently handle and finger bilaterally. He must avoid all exposure to hazards such as unprotected heights and dangerous moving machinery. He can perform simple routine tasks. He can have only occasional, superficial interaction with coworkers but no interaction with the public.

AR 24.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his alleged symptoms "are not entirely consistent with the medical evidence and other evidence in the record" for several reasons that the ALJ discussed. AR 25–26. The ALJ found that the overall record reflects conservative treatment of both Plaintiff's physical and mental impairments and "imaging, neuromuscular examinations, mental status/psychiatric evaluations, treatment/progress notes, and reported activities/demonstrated functioning [that] are not consistent with the degree of disabling severity alleged." AR 26. The ALJ also found that the range of Plaintiff's daily activities, and the functioning that he demonstrates through those activities, "strongly indicate[] that [Plaintiff's] impairments would not preclude him from

performing a limited range of light, unskilled simple and routine work with limited social interaction."   AR 28.

**Step four:** Plaintiff has no past relevant work.

**Step five:**  The ALJ found that Plaintiff was 27 years old, which is defined as a younger individual age 18-49, on the date that the application was filed; has at least a high school education; and that transferability of job skills is not material to the determination of disability because Plaintiff does not have past relevant work. AR 32.  The ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform considering his age, education, work experience, and RFC.  AR 33.  Specifically, the ALJ recounted that the VE identified the following representative occupations that Plaintiff would be able to perform with the RFC: Small Products Assembler I, Marker, and Routine Clerk.  AR 33.  ALJ Hlaudy concluded that Plaintiff had not been disabled within the meaning of the Social Security Act since March 27, 2019, the date on which Plaintiff filed his SSI application.  AR 33.

The Appeals Council denied Plaintiff's request for review, and the Plaintiff appealed the Commissioner's final decision to this Court.  AR 1–6; ECF No. 1.

/ / /

/ / /

/ / /

**LEGAL STANDARD**

***Standard of Review***

Congress has provided a limited scope of judicial review of the Commissioner's decision.  42 U.S.C. § 405(g).  A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. §§ 416.920, 404.1520. The ALJ uses step one to determine if he is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 416.920(a)(4)(ii), 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§ 416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that he has performed in the past.  If the

claimant can perform his previous work, the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(iv), 404.1520(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering his residual functional capacity and age, education, and past work experience. 20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1.    Did the ALJ erroneously reject Plaintiff's subjective symptom testimony?

2.    Did the ALJ erroneously evaluate the medical opinion testimony?

## DISCUSSION

### *Subjective Symptom Testimony*

Plaintiff argues that none of the reasons provided by the ALJ for discounting Plaintiff's subjective symptom testimony were specific, clear, and convincing.  ECF No. 13 at 6.  Plaintiff asserts that the record does not substantiate that Plaintiff received only conservative treatment for his physical ailments because Plaintiff had surgeries on both his left arm and right hand and followed up "with orthopedics about a second surgery on his left forearm for continuing issues, but surgery was not recommended due to the risk of reversing the progress he had made in his recovery." *Id.*  Plaintiff also argues that the ALJ erred in finding that the record was inconsistent with the intensity alleged by Plaintiff with respect to his right shoulder and other physical complaints.  *Id.* at 7–8.  Plaintiff adds that, in any case, lack of support from objective findings cannot alone support an adverse finding regarding a claimant's symptom testimony.  *Id.* at 8 (citing Social Security Ruling ("SSR") 16-3p; *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

Regarding the ALJ's rejections of Plaintiff's mental health symptom claims, Plaintiff argues that the ALJ erroneously ignored significant findings of anxious

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

mood, impaired short-term memory, and poor judgment and instead handpicked

normal findings from some mental status examinations and psychiatric evaluations.

ECF No. 13 at 8–9.  Plaintiff argues that the ALJ should have discussed the findings

from Plaintiff's mental health record that were supportive of Plaintiff's

psychological symptom complaints.  *Id.*

Lastly, Plaintiff disputes that his daily activities support the ALJ's treatment

of his symptom testimony and maintains that the ALJ erroneously failed to explain

how any of Plaintiff's activities are transferable to a work setting or contradict

Plaintiff's testimony of difficulty using his left arm, or conditions of anxiety and

depression.  *Id.* at 10–11.

The Commissioner responds that the record here included affirmative

evidence of malingering, and, after noting the presence of malingering, an ALJ may

reject a claimant's testimony without further analysis.  ECF No. 17 at 2–3 (citing

*Carmickle v. Comm'r of Soc. Sec. Admin.*., 533 F.3d 1155, 1160 (9th Cir. 2008)).

Specifically, the record indicates that Tasmyn Bowes, Psy.D., examined Plaintiff in

2019 and made a rule-out diagnosis of malingering.  *Id.* (citing AR 757 for

evaluation and AR 27 for the ALJ's discussion of the rule-out diagnosis).  The

Commissioner maintains that a psychological evaluation that refers to a rule-out

diagnosis of malingering constitutes affirmative evidence of malingering.  *Id.* (citing

*Mohammad v. Colvin*, 595 Fed. App'x. 696, 697–98 (9th Cir. 2014)).

The Commissioner adds that even if the rule-out diagnosis is insufficient evidence of malingering, the other reasons provided by the ALJ warrant discounting Plaintiff's subjective symptom testimony. *Id.* at 3–4.  The Commissioner argues that the ALJ was supported by the record in finding that objective medical evidence did not support Plaintiff's claim that he could not use his hands for manipulative activities or his left arm at all.  *Id.* at 4 (citing AR 799 and 583 containing a June 2020 examination note that Plaintiff's left arm "actually had quite impressive return to function" and another examination finding that Plaintiff's right fingers were "'neurovascular[ly] intact'" with "'good motion.'").  The Commissioner continues that, likewise, there were inconsistencies between Plaintiff's reports to the Social Security Agency that he had difficulty concentrating, understanding, and remembering and Plaintiff's mental status/psychiatric evaluations that were largely within normal limits, with intact attention and normal memory.  *Id.* at 5 (AR 403–04, 426, 605, 722, 724–25, 731, 735, 750, and 799).  The Commissioner argues that the ALJ's interpretation of the mental status examination findings must be upheld even if the record allows for alternative interpretations, so long as the ALJ's finding is supported by substantial evidence.  *Id.* at 6 (citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1192 (9th Cir. 2004).  Finally, the Commissioner argues that the ALJ legitimately discounted Plaintiff's allegations because Plaintiff's household chores and yardwork undermined Plaintiff's claim that he had trouble using his arms

1  and hands.  *Id.* at 6–7 (citing AR 71, 78, 247, 252, and 756).  In addition, the

2  Commissioner submits, Plaintiff's assertion that he has trouble being around people,

3  and deficits with memory and concentration, conflicts with his daily activities of

4  living with and socializing with family, helping his grandmother, leaving the house

5  regularly, shopping in stores, attending medical appointments, watching television,

6  and playing games.  *Id.* at 7 (citing AR 71–72, 247–54, 253, 756, 772, and 785).

7      Plaintiff replies that the unpublished *Mohammad* case cited by the

8  Commissioner is distinguishable because, in that case, the reference to a rule-out

9  diagnosis of malingering was accompanied by three instances of the claimant's

10  symptoms disappearing upon arrival at the emergency room and a provisional

11  malingering diagnosis by another examining psychologist.  ECF No. 18 at 2 (citing

12  *Mohammad*, 595 Fed. App'x at 697–98).  Here, Plaintiff argues, the rule-out

13  diagnosis was the only evidence of malingering, and that rule-out diagnosis was

14  poorly supported.  *Id.*  Plaintiff asserts that state agency psychologist Renee

15  Eisenhauer, Ph.D. reviewed Dr. Bowes' rule-out diagnosis of malingering, along

16  with Dr. Bowes' rule-out diagnoses for attention deficit hyperactivity disorder

17  ("ADHD") and a specific learning disorder and other data, and diagnosed Plaintiff

18  with a learning disorder and an intellectual disorder rather than malingering.  *Id*. at 3

19  (citing AR 130).

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1    The ALJ noted that Dr. Bowes made a rule-out diagnosis of malingering in

2    her March 2019 evaluation report.  AR 27 (citing AR 775).  The ALJ did not further

3    discuss malingering.  However, an ALJ need not make a specific finding of

4    malingering; the evidence of malingering merely must be present in the record.

5    *Ghanim v. Colvin*, 763 F.3d 1154 (9th Cir. 2014); *Vasquez v. Astrue*, 572 F.3d 586,

6    591 (9th Cir. 2009).  In addition to Dr. Bowes' rule-out diagnosis, a different

7    psychologist opined in a mental health evaluation dated October 27, 2017, that

8    Plaintiff was "malingering in order to obtain disability."  AR 402–03, 407 (mental

9    health evaluation produced in the context of a criminal case by Trevor Travers,

10   Ph.D.).  The Court finds that there is affirmative evidence in the record of

11   malingering and that the ALJ could have discounted Plaintiff's subjective symptom

12   testimony with respect to his mental health symptoms without further analysis.  *See*

13   *Carmickle*, 533 F.3d at 1160.

14        However, even if there were not affirmative evidence of malingering, the ALJ

15   gave several reasons for finding that Plaintiff's claimed intensity of his physical and

16   mental symptoms was inconsistent with portions of the record.  The ALJ's reasons

17   are supported by substantial evidence in the form of: post-surgery treatment notes

18   regarding Plaintiff's right hand/finger indicating that the wound "healed well" and

19   "good motion of his finger"; notes from an orthopedic examination in June 2020

20   indicate a "quite impressive return of function" in his left forearm; and mental status

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

examinations noting that Plaintiff presented within normal limits for attention,

memory, orientation, thought processes, and social interaction, that Plaintiff did not

present as anxious or depressed, and that Plaintiff reported that his medications were

helping him.   AR 129, 402, 582–83, 722–24, and 799.  The ALJ also relied on

substantial evidence in finding that Plaintiff's daily activities, including housework,

yardwork, living and socializing with family, running errands, and attending medical

appointments, undermined his complaints of problems using his left arm and right

hand and difficulty being around people.  AR 71–72, 247, 250–53, 756, and 772.

The Court finds no error in the ALJ's treatment of Plaintiff's subjective symptom

testimony, and denies Plaintiff's Motion for Summary Judgment on this ground.

### *Medical Opinion Evidence*

Plaintiff argues that the ALJ erred in his evaluation of the medical opinions of

evaluating psychologist David T. Morgan, Ph.D. and treating physician's assistant

Mary L. Pine, PA-C.  ECF No. 13 at 13–19.  The Commissioner contends that the

ALJ reasonably found the medical source opinions unpersuasive.  ECF No. 17 at 8.

The regulations that took effect on March 27, 2017, provide a new framework

for the ALJ's consideration of medical opinion evidence and require the ALJ to

articulate how persuasive he finds all medical opinions in the record, without any

hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the

Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18,

2017); 20 C.F.R. § 404.1520c.  Instead, for each source of a medical opinion, the ALJ must consider several factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors such as the source's familiarity with other evidence in the claim or an understanding of Social Security's disability program.  20 C.F.R. § 404.1520c(c).

Supportability and consistency are the "most important" factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding.  20 C.F.R. § 404.1520c(b)(2).  With respect to these two factors, the regulations provide that an opinion is more persuasive in relation to how "relevant the objective medical evidence and supporting explanations presented" and how "consistent" with evidence from other sources the medical opinion is.  20 C.F.R. § 404.1520c(c)(1). The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  20 C.F.R. § 404.1520c(b)(2), (3).  Courts also must continue to consider whether the ALJ's finding is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

Prior to issuance of the new regulations, the Ninth Circuit required an ALJ to provide clear and convincing reasons to reject an uncontradicted treating or

examining physician's opinion and provide specific and legitimate reasons where the record contains a contradictory opinion. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). The Ninth Circuit recently held that the Social Security regulations revised in March 2017 are "clearly irreconcilable with [past Ninth Circuit] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22, 2022). The Ninth Circuit continued that the "requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, is likewise incompatible with the revised regulations." *Id.* at *15 (internal citation omitted).

Accordingly, as Plaintiff's claim was filed after the new regulations took effect, the Court refers to the standard and considerations set forth by the revised rules for evaluating medical evidence. *See* AR 27.

### David T. Morgan, Ph.D.

Plaintiff argues that Dr. Morgan's lack of treatment relationship with Plaintiff was not a specific and legitimate reason to discount Dr. Morgan's opinion because the ALJ found persuasive the opinion of another practitioner whose relationship with Plaintiff also was based on a "'one-time consultative evaluation.'" ECF No. 13 at 15 (quoting AR 30). Plaintiff also argues that the ALJ erred in discounting Dr.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

Morgan's opinion for relying heavily on Plaintiff's self-reports of symptoms when

Dr. Morgan also made his own clinical observations that support his opinion.  *Id.* at

16 (citing *Ghanim*, 763 F.3d at 1162, for the proposition that an ALJ may not

discount a medical opinion formed from the professional's own observations,

diagnoses, and prescriptions in addition to the claimant's self-reports).  Lastly,

Plaintiff argues that the ALJ failed to explain why Plaintiff's activities of daily

living including managing his own medications, preparing meals, doing household

chores, shopping, and socializing, are inconsistent with Dr. Morgan's opinion.  *Id.* at

17 (citing AR 31).

The Commissioner responds that the ALJ reasonably found that Dr. Morgan's

conclusions were not supported by Dr. Morgan's examination of Plaintiff because

"in most instances where [Plaintiff] showed deficits, it was because of a lack of

effort."  ECF No. 17 at 10 (citing AR 786–87).  The Commissioner continues that

Plaintiff "did not try to spell 'world' backward and did not try to interpret proverbs,

responding instead with "I don't know.'"  *Id.* at 10–11 (citing AR 786).  The

Commissioner further cites to the portions of the record indicating Plaintiff's ability

to engage in a variety of normal daily activities and Plaintiff's mental and

psychiatric examination results that were within normal limits.  *Id.* at 11 (citing AR

78, 250–51, 403–04, 426, 605, 724–25, 731, 735, 750, 756, 772, and 779).

1    Plaintiff does not preserve his arguments for error based on the ALJ's

2    treatment of Dr. Morgan's opinions in Plaintiff's reply.  *See* ECF No. 18.

3    Nonetheless, the Court addresses Plaintiff's claim of error regarding Dr. Morgan.

4    Dr. Morgan evaluated Plaintiff on approximately October 25, 2019, and

5    opined that Plaintiff was markedly limited in nine functional areas of basic work

6    activities and severely limited in three.  AR 783–84.  Dr. Morgan noted that he

7    reviewed Washington State Department of Social and Health Services records,

8    medical records, and a psychological evaluation.  AR 782.  Dr. Morgan recorded

9    that he observed Plaintiff to be well-groomed, dressed appropriately, and

10   communicating with "normal speech."  AR 784–85.  Dr. Morgan indicates

11   throughout the remainder of the psychosocial history, medical/mental health

12   treatment history, and mental status examination sections of the examination form

13   that the information at issue was reported to him by Plaintiff.  AR 782–87.

14   The ALJ found that Dr. Morgan's assessment of marked and extreme

15   limitations was not well supported and not persuasive.  AR 31.   The ALJ reasoned

16   that Dr. Morgan did not have a longitudinal treating relationship with claimant, that

17   Plaintiff's self-reported symptoms were not consistent with or supported by the

18   objective evidence, and that the self-reported symptoms were inconsistent with

19   Plaintiff's daily activities.  AR 31.

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

1    The Ninth Circuit has cautioned that "the rule allowing an ALJ to reject

2    opinions based on self-reports does not apply in the same manner to opinions

3    regarding mental illness" because reliance on the patient's self-report "is the nature

4    of psychiatry." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).  However,

5    the Ninth Circuit also has determined that "an ALJ must be permitted to discount an

6    opinion based principally upon a claimant's self-reporting if the record contains

7    objective evidence that the self-reporting is not credible." *Calkins v. Astrue*, 384 F.

8    App'x 613, 615 (9th Cir. June 17, 2010).  Dr. Morgan's assessments of marked and

9    severe limitations appear to be fully, not partially, based on Plaintiff's self-reported

10   symptoms, and the Court already found that the ALJ provided clear and convincing

11   reasons based on substantial evidence for not fully crediting Plaintiff's subjective

12   symptom reports. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)

13   (finding that a medical opinion may be discounted if it is "based to a large extent on

14   a claimant's self-reports that have been properly discounted as incredible.").

15       Moreover, as required by the new regulations, the ALJ considered whether Dr.

16   Morgan's opinions were consistent with each other and with the other evidence in

17   the record, and whether they were supportable. *See* 20 C.F.R. § 404.1520c(b)(2).

18   Dr. Morgan does not explain how the marked and severe limitations that he assessed

19   were supported by the predominantly normal findings that Dr. Morgan noted in his

20   examination of Plaintiff. *See* AR 786.  In addition, the few findings outside of

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21

1  normal limits in Dr. Morgan's examination of Plaintiff appear to result from Plaintiff

2  declining to complete the task that Dr. Morgan asked him to complete.  AR 786

3  (noting that Plaintiff did not attempt to spell "WORLD" backward, as requested and

4  responded "I don't know" to other examination questions).  Accordingly, the ALJ's

5  explanation for why he discounted Dr. Morgan's opinions is supported by

6  substantial evidence, and the Court finds no error on this basis.

7  **Mary L. Pine, PA-C**

8  Plaintiff argues that the ALJ erroneously discounted Ms. Pine's medical

9  opinion by reasoning that it was not substantiated by "findings 'such as severe

10  neuromuscular deficits' to preclude work, stating that [Plaintiff] had not consistently

11  demonstrated motor strength or sensory abnormalities."  ECF No. 13 at 18.  Plaintiff

12  asserts that even after Plaintiff's surgeries on both hands, Plaintiff "was found to

13  have limited active flexion of the DIP joint of [sic] right small finger and weakness

14  in the right ring finger with flexion and weakness in the index finger and thumb of

15  the left hand on extension." *Id.* (citing AR 583, 799).  Plaintiff further disputes the

16  ALJ's finding that Ms. Pine failed to give a function-by-function assessment of

17  Plaintiff's residual capacity or limitations and that Ms. Pine gave an opinion on the

18  ultimate issue of disability. *Id.* at 18–19.

19  The Commissioner responds that the ALJ reasonably concluded that the

20  following was inadequate support for the significant limitations that Ms. Pine

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22

1    assessed: "Plaintiff's left forearm pain, numbness, and limited range of motion,

2    along with some unrelated laboratory test results, such as a liver panel and vitamin D

3    levels, and medication that caused sedation."  ECF No. 17 at 12 (citing AR 32, 770–

4    71).  The Commissioner continues that the ALJ also relied on substantial evidence to

5    find that Ms. Pine's opinion was not consistent with the medical evidence of record.

6    *Id.* at 12–13 (citing AR 32, 851).  The Commissioner argues that Plaintiff's

7    emphasis on the evidence in the record indicating that Plaintiff had weakness and

8    limited active flexion in some of his fingers is misplaced, as Plaintiff makes no

9    effort to explain how weakness and limited flexion in the fingers of his left hand

10   would require Plaintiff to lie down up to three hours in a day.  *Id.* at 13.

11         Plaintiff does not preserve his arguments for error based on the ALJ's

12   treatment of Ms. Pine's opinions in Plaintiff's reply.  *See* ECF No. 18.  Nonetheless,

13   the Court addresses Plaintiff's claim of error regarding Ms. Pine.

14         On January 27, 2020, Ms. Pine completed a medical report at Plaintiff's

15   counsel's request indicating that she had been treating Plaintiff since August 12,

16   2019.  AR 770–71.  Ms. Pine described Plaintiff's symptoms as pain and numbness,

17   as well as limited range of motion, in his left forearm.  AR 770.  Ms. Pine opined

18   that Plaintiff would have to lie down for one-half hour to three hours during the day

19   due to "his left forearm."  AR 770.  Ms. Pine also noted that one of Plaintiff's

20   medications "can cause sedation" and opined that Plaintiff is "unable to work 8

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23

hours per day 5 days a week due to left forearm pain & taking medication that causes sedation."  AR 770–71.  The ALJ found Ms. Pine's opinions "unpersuasive" and noted that the opinions were "conclusory without providing a function-by-function assessment of claimant's residual capacity/limitations, or explaining how his condition/symptoms disable him from any full-time work."  AR 32.  The ALJ added, "Moreover, the provider's statement renders an opinion on the ultimate issue of disability, which is an issue reserved for the Commissioner."  AR 32.

As noted above, supportability and consistency are the most important factors for an ALJ to consider in evaluating medical source opinions.  *See* 20 C.F.R. § 404.1520c(b)(2).  With respect to these factors, ALJ Hlaudy found that Ms. Pine's conclusions were inconsistent with the neuromuscular examinations of Plaintiff in the record evidencing some pain and tenderness but no motor strength, sensory, reflex, or gait abnormalities.  AR 32.  The ALJ also noted, accurately, that Ms. Pine cited only to Plaintiff's self-reported symptoms and unrelated laboratory test results, including a liver panel and vitamin D levels, to support her opinion of disability.  AR 32.  The Court finds that the ALJ's discussion of Ms. Pine's opinions adequately explained why the ALJ found the opinions conclusory and unpersuasive by analyzing whether Ms. Pine's opinions of disability were supported by any explanation or consistent with the medical record.  *See Woods*, 2022 U.S. App. LEXIS 10977 at *15 (requiring an explanation by the ALJ supported by substantial

evidence).  Consequently, the Court finds no error on this basis and denies Plaintiff's

Motion for Summary Judgment in remaining part.

Finding no error on any ground raised by Plaintiff, the Court grants the

Commissioner's Cross-Motion for Summary Judgment.

Accordingly, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

2.     Defendant's Motion for Summary Judgment, **ECF No. 17**, is

**GRANTED**.

3.     Judgment shall be entered in Defendant's favor.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

Order, enter judgment as directed, provide copies to counsel, and **close the file** in

this case.

**DATED** May 3, 2022.


*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 25